58  625<br>60  384

## City of Chicago v. The Ferris Wheel Company.

1. CITIES AND VILLAGES—*Exercise Power Through Ordinances.*—In the absence of an ordinance within the terms of which a proposed structure comes, a city can not interfere with its erection.

**Bill for Injunction.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

JOHN MAYO PALMER, corporation counsel of Chicago; RUBENS & MOTT and FRANK SCALES, of counsel.

GREEN, ROBBINS & HONORE, attorneys for appellee; WILLIAM A. VINCENT, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order granting an injunction restraining the city from interfering with the

erection of the Ferris Wheel, of world-wide notoriety, upon the company's own premises.

Any multiplying of quotations from the city ordinances, with comments upon them, could only serve to show that there is no ordinance, that by any possible construction, can be held to apply to that wheel. The injunction was granted upon the bill only, which negatives all grounds for apprehending any injury to any individual or the public by the erection of the wheel, and avers that the city officials have informed the wheel company that it would not be permitted to erect the wheel, but would be prevented by force.

The only argument for the city is to bring the wheel within the ordinances. It is not contended that if no ordinance applies, the city has the right to interfere.

The order appealed from is affirmed.